UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM BOLES, | ) | |
| | ) | |
|    *Plaintiff*, | ) | No. 1:04-CV-147 |
| | ) | |
| v. | ) | *Judge Mattice* |
| | ) | *Magistrate Judge Lee* |
| POLYLOOM CORPORATION OF AMERICA, | ) | |
| | ) | JURY DEMAND |
|    *Defendant.* | ) | |

### MEMORANDUM

Before the Court is the Motion for Summary Judgment of defendant Polyloom Corporation of America ("Polyloom"). Plaintiff William Boles brought this action against Polyloom, his former employer, challenging his termination and certain other aspects of his treatment while an employee of Polyloom. He asserts claims under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Employment Retirement Income Security Act ("ERISA"). For the reasons set forth below, Polyloom's Motion for Summary Judgment will be **GRANTED IN PART** and **DENIED IN PART**.

**I.      STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from

those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.    FACTS

Viewing the record in the light most favorable to Plaintiff Boles, the facts of the case are as follows. Plaintiff Boles was hired by Polyloom on March 14, 2001 and was terminated on June 16, 2003. (Court File No. 1-1, Compl. ¶ 6; Court File No. 23-2 & Court

File No. 25-4, Boles Dep. 73.)  Throughout his employment with Polyloom, Mr. Boles was employed in the Finishing Department, first as a Ring Twister Operator, later as a Yarn Packer and finally again as a Ring Twister Operator.  (Compl. ¶¶ 6, 8, 14.)  Sometime in the late summer or early fall of 2002, Mr. Boles was transferred to a Yarn Packer position in which he was responsible for on- and off-loading materials from the production line using a forklift.  (Boles Dep. 37-38)  In February of 2003, after approximately six months as a Yarn Packer, Mr. Boles ran over the foot of a co-worker while driving the forklift.  (Boles Dep. 96.)  Shortly thereafter, he surrendered his forklift license (*id.* at 158) and was transferred back into a Ring Twister Operator position (*id.* at 40).  Pay and benefits were identical in the Ring Twister Operator and Yarn Packer positions.  (*Id.*)

In mid- to late 2002, Mr. Boles was hospitalized for two weeks (*id.* at 37) and in November of 2002 was diagnosed with moderate to severe inflammatory bowel disease, which was ultimately determined to be either ulcerative colitis or Crohn's disease (Court File No. 25-5, Goodman Dep. 9, 13).

It appears that the principal on-the-job manifestation of Mr. Boles' condition was his need to take frequent bathroom breaks.  (Boles Dep. 56.)  While the parties differ as to whether Mr. Boles' supervisor complained about the frequent bathroom breaks (*id.* at 57-58; Court File No. 23-4, Dillard Dep. 40), there is no contention that Mr. Boles asked for any accommodation for his condition, nor is there any contention that Polyloom interfered with Mr. Boles' need to take frequent bathroom breaks.

Following his diagnosis, Mr. Boles embarked upon a series of treatments for his condition.  He took additional time off for the purpose of receiving such treatments, and he discussed his leave options with Polyloom's Human Resources Manager.  (Boles Dep. 49,

51.) Mr. Boles' treatments were relatively expensive (Goodman Dep. 25), and Polyloom's health insurance premium increased during the period that Mr. Boles received such treatments (Court File No. 25-5, Locklear Dep. 43). Polyloom's Human Resources Manager was aware of that fact. (*Id.*; Goodman Dep. 25.)

Prior to being diagnosed with Crohn's disease, Mr. Boles had received only one disciplinary action at Polyloom. (Boles Dep. Ex. 19.) During the three month period from March to June, 2003, Mr. Boles received three disciplinary actions. (*Id.* Exs. 20, 21, 23.) It is Polyloom's contention that Mr. Boles' conduct which resulted in these disciplinary actions was the reason for his termination. (*Id.* Ex. 25.) Mr. Boles, on the other hand, contends that he was terminated in retaliation for actions taken by him in response to his Crohn's disease. (Compl. ¶¶ 22, 26, 32, 33.)

### III. ANALYSIS

#### A. Plaintiff's ADA Claim

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that: (1) he is an individual with a disability; (2) he is otherwise qualified to perform the job requirement, with or without reasonable accommodations; and (3) he was discharged solely by reason of his disability. *Williams v. London Util. Comm'n*, 375 F.3d 424, 428 (6th Cir. 2004). In order to prove that he is "disabled" within the meaning of ADA, the Plaintiff must show that he (1) has a physical or mental impairment which substantially limits him in at least one major life activity, (2) has a record of such impairment, or (3) is regarded as having such an impairment. *Id.*

In its instant motion, Polyloom attacks Plaintiff's ADA claim on the ground that Mr. Boles has not carried his burden of proof that he was "disabled" within the meaning of

-4-

ADA, because he has not demonstrated that he is substantially limited in a major life activity. In his responsive brief, Mr. Boles states: "Plaintiff's major life activities affected by his Crohn's disease are bowel movements and eating." (Court File No. 25-1, Pl.'s Resp. Br. 5.) Most of the focus in both parties' briefs is on Mr. Boles' ability to control his bowel movements.

In their briefs on the motion before the Court, both Polyloom and Mr. Boles have cited Mr. Boles' deposition testimony and the testimony of Mr. Boles' general and treating physicians to support their conflicting arguments as to whether the symptoms of Crohn's disease experienced by Mr. Boles rise to the level of an impairment which has substantially limited one or more major life activities so as to qualify as a disability under the ADA. Reasonable inferences may be drawn from such testimony to support either argument. The U.S. Court of Appeals for the Sixth Circuit has specifically refused to hold as a matter of law that irritable bowel syndrome, or spastic colon (a condition akin to Crohn's disease), cannot be found by a reasonable jury to substantially limit a major life activity such as the ability to control one's bowel movements. *Workman v. Frito-Lay, Inc.*, 165 F.2d 460, 467 (6th Cir. 1999).

While the Defendant may challenge the inferences which may be drawn from the deposition testimony, this Court is not prepared, on the factual record before it, to say that no reasonable jury could find that Mr. Boles' impairment rises to the level of a "disability" within the meaning of the ADA. Accordingly, Polyloom's motion for summary judgment with respect to Mr. Boles' claim of discrimination under the ADA will be **DENIED**.

### B. Plaintiff's FMLA Claim

In order to establish a prima facie case of retaliation under the FMLA, a plaintiff must demonstrate that (1) he availed himself of a protected right under the FMLA, (2) he was adversely affected by an employment decision, and (3) the proximity in time between the exercise of plaintiff's right under the FMLA and the adverse employment decision constitutes indirect evidence of a causal connection. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

In his complaint, Mr. Boles seems to identify two adverse employment actions: his "demotion" from fork lift driver to "twister" (Compl. ¶ 30) and his termination (*id.* ¶ 32). In its motion for summary judgment, Polyloom challenges Plaintiff's invocation of his termination as a qualifying adverse employment action on the grounds that Mr. Boles "fails to identify any date or period of FMLA leave that occurred at or near the time of his termination." (Court File No. 23-1, Def.'s Br. 15.) Accordingly, Polyloom suggests that Mr. Boles cannot establish the "proximity in time" connection between his availing himself of a protected right under the FMLA and his termination sufficient to make out a prima facie case under the FMLA. In his brief in response to Polyloom's motion, Mr. Boles does not respond to Polyloom's challenge to his termination as giving rise to a FMLA retaliation event, but rather focuses only on contending that his "demotion" from a Yarn Packer position to a Ring Twist Operator position constituted an "adverse employment action" for purposes of the FMLA. From this, the Court can only conclude that Mr. Boles now concedes that his termination does not give rise to a FMLA claim, and instead contends only that his transfer gives rise to such a claim. Accordingly, the Court will only address the question of whether Mr. Boles' transfer constitutes an adverse employment action for

purposes of the FMLA.

As the U.S. Court of Appeals for the Sixth Circuit has recognized, an adverse employment action is a "materially adverse change in the terms or conditions of . . . employment because of [the] employer's conduct." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 875, 885 (6th Cir. 1996). Under this standard, a "materially adverse" change in employment conditions "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* at 886 (quoting *Crady v. Liberty Nat'l Bank Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). Furthermore, "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Id.* at 885. The Sixth Circuit has pointed out that "a bruised ego" is simply not enough to constitute an adverse employment action. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004) (*en banc*) (quoting *Crady*, 993 F.2d at 136).

In the case at bar, the principal disadvantage cited by Mr. Boles between his position as a Yarn Packer and his position as a Ring Twister Operator is that "[a]s a twister operator, it would be harder for Plaintiff to take sudden bathroom breaks, which was necessary as a result of his Crohn's disease." (Pl.'s Resp. Br. 12.) This might be a compelling argument if it were made to support a claim that Polyloom failed to make reasonable accommodation for Mr. Boles' condition under the ADA. Mr. Boles makes no such claim, however. Mr. Boles stated reasons for his desire to stay in the Yarn Packer position as opposed to the Ring Twist Operator position fail as a basis to establish that his transfer was an adverse employment action for purposes of the FMLA. Because Mr. Boles has failed to come forward with significant, probative evidence that he has suffered an

adverse employment action, Polyloom's motion for summary judgment with respect to Mr. Boles' FMLA claim will be **GRANTED**, and that claim will be **DISMISSED**.

### C. Plaintiff's ERISA Claim

In order to establish a prima facie case of retaliation under ERISA through circumstantial evidence, a plaintiff must show the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employer may become entitled. *Schweitzer v. Teamsters Local 100*, 413 F.3d 533, 537 (6th Cir. 2005). As the U.S. Court of Appeals for the Sixth Circuit has recognized:

> If the plaintiff states a prima facie case under [29 U.S.C. § 1140], the employer can rebut the presumption of impermissible action raised by the prima facie case by introducing " 'evidence of a legitimate, nondiscriminatory reason for its challenged action.' " *Humphreys*, 966 F.2d at 1043 (quoting *Gavalik*, 812 F.2d at 853). This shifts the burden back to the plaintiff to show that the employer's proffered reason was mere pretext. Although the plaintiff "need not show that the employer's sole purpose . . . was to interfere with [plaintiff's] entitlement to benefits," *Shahid*, 76 F.3d at 1411, he must " 'either prove that the interference was a motivating factor in the employer's actions or prove that employer's proffered reason is unworthy of credence.' " *Id.* at 1413 (quoting *Humphreys*, 966 F.2d at 1043). Summary judgment is appropriate if plaintiff fails to establish a prima facie case or fails to rebut the employer's proffer of a legitimate, nondiscriminatory reason for its actions. *See id.*

*Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997).

Mr. Boles contends that he was discharged from his job at Polyloom for the purpose of interfering with his health insurance benefits. Under ERISA, it is unlawful for an employer to discharge, discipline or discriminate against an employee for exercising any right to which he is entitled under the provisions of an employee benefit plan. 29 U.S.C.

-8-

§ 1140. Mr. Boles, therefore, has alleged a prima facie case of retaliation.

Under the analysis outlined by the Sixth Circuit, because Boles has stated a prima facie case, the burden shifts to the Defendant to prove that it had a legitimate, nondiscriminatory reason for terminating Boles. Polyloom asserts that its reason for terminating Boles was Boles' failure to follow work instructions. (Boles Dep. Exhibit 25.) Further, Donna Locklear, Polyloom's Human Resources Manager, states in her declaration that she "did not consider [Boles'] medical bills or his medical condition in connection with his termination." (Court File No. 26-4, Locklear Decl. ¶ 6.) Based on these assertions, Polyloom has presented sufficient evidence of a legitimate, nondiscriminatory reason for Boles' termination.

Once the Defendant has presented evidence of a legitimate, nondiscriminatory reason for termination, the burden shifts back to Boles to prove that the nondiscriminatory reason proffered by Defendant is pretextual and that the true motivation for his termination was discriminatory. *See Gibson v. City of Louisville*, 336 F.3d 511, 513 (6th Cir. 2003). A plaintiff can make this showing in one of three ways: (1) by showing that the proffered reason had no basis in fact; (2) by showing that the proffered reason did not actually motivate the employer's conduct; or (3) by showing that the proffered reason was insufficient to warrant the challenged conduct. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (citing *Dews v. A. B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)).

In the case at bar, Plaintiff asserts that the reason proffered by Polyloom did not actually motivate Polyloom to terminate Boles and that the real reason for his termination was the expense associated with his medical care. In support of this assertion, Boles

-9-

Case 1:04-cv-00147    Document 36    Filed 03/06/06    Page 9 of 13    PageID #: 56

submits evidence of a conversation between Boles and Locklear, during which Ms. Locklear allegedly told Mr. Boles that because of the expense associated with his Remicade treatments, Polyloom's health insurance premiums would go up and that Polyloom could not afford the additional expense. (Boles Dep. 66-67.) According to Mr. Boles, this conversation occurred approximately a month or two before he was terminated from Polyloom. (*Id.* at 66.) In her deposition, Ms. Locklear denies that such a conversation ever took place. (Locklear Dep. 32.) On the record before it on this motion, the Court cannot conclude that this disputed conversation did not take place in the manner described by Mr. Boles in his deposition. Further, there is evidence in the record which, when taken in the light most favorable to Mr. Boles, suggests that Ms. Locklear took part in the decision to termination Mr. Boles. (Court File No. 25-5, Hathcock Dep. 44; Locklear Dep. 39.)

The evidence relied upon by Mr. Boles to prove that Polyloom's stated reason for his termination is pretextual – (1) the conversation he allegedly had with Ms. Locklear during which she stated that Polyloom could not afford the expense of his medical treatments, (2) the fact that Ms. Locklear participated in the decision to terminate Mr. Boles, and (3) the proximity in time between the conversation with Ms. Locklear and Mr. Boles' termination – is clearly circumstantial. The fact that Plaintiff's evidence regarding pretext is circumstantial does not defeat his claim at this stage; rather, the burden shifting analysis required in this case contemplates that the Plaintiff will almost invariably need to make out his case by means of circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

The question then is whether the circumstantial evidence propounded by Plaintiff is

sufficient to allow a jury to reasonably conclude that the reasons given by Polyloom for Plaintiff's termination are pretextual, and the Court finds in this instance that the evidence is sufficient. If a jury believes that the conversation described by Mr. Boles did take place and further believes that Ms. Locklear had a role in the decision to terminate Mr. Boles, then the jury could reasonably conclude, through a string of inferences and notwithstanding Ms. Locklear's statement to the contrary, that the costs associated with Mr. Boles' medical care were a motivating factor in his termination and that Polyloom's proffered reason for his termination – *i.e.*, the disciplinary actions associated with his job performance – is pretextual.

Thus, there is a genuine issue of material fact at issue in this case that precludes summary judgment with regard to Plaintiff's claims of retaliatory dismiss pursuant to ERISA. Accordingly, Polyloom's motion for summary judgment with respect to Mr. Boles' ERISA claim will be **DENIED**.

### D. Defendant's Motion Based on Plaintiff's Bankruptcy

In its original brief in support of its Motion for Summary Judgment, Polyloom contended that Mr. Boles' failure to list his claims asserted in this lawsuit as assets in a prior bankruptcy case bar his assertion of those claims here. In its reply brief, Polyloom acknowledges that summary judgment is not appropriate on this point on the record before the Court. (Court File No. 26-1, Def.'s Reply Br. 11.) Accordingly, the Court need not address this argument, and Polyloom's Motion for Summary Judgment on this point will be **DENIED**.

### E. Defendant's Motion Based on After-Acquired Evidence

As part of its motion, Polyloom invokes the after-acquired evidence doctrine in an effort to limit the time frame for computation of any damages which could flow from a finding of liability for retaliatory termination of Mr. Boles' employment. More specifically, Polyloom argues that Mr. Boles concealed the fact of an earlier criminal conviction until his deposition on June 16, 2005. Based on this, Polyloom argues that such prior conviction and the concealment thereof provide an independent basis for Mr. Boles' termination, and therefore any damages to which Mr. Boles might be entitled because of an unlawful termination of his employment must be limited to the two-year period from his actual termination – June 16, 2003 – and the date of his deposition – June 16, 2005. In support of this proposition, Polyloom cites the case of *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 361-62, 115 S. Ct. 879, 886, 130 L. Ed. 2d 852 (1995).

While Polyloom is correct in its legal proposition – that is, that an employer might rely on after-acquired evidence, even if uncovered during the discovery process in an employment litigation, in order to limit its damages – the *McKennon* court also observed that in order to do so, the employer "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of discharge." 115 S. Ct. at 886-87.

While it may be able to do so by a preponderance of evidence at trial, on the record before the Court on this motion, Polyloom has not carried its burden of establishing that there is no genuine issue of material fact as to whether it would, in fact, have terminated Mr. Boles had it known of his prior conviction. Accordingly, the Court will **DENY** Polyloom's motion for partial summary judgment as to damages.

IV. **CONCLUSION**

-12-

For the reasons stated above, Polyloom's Motion for Summary Judgment will be **GRANTED IN PART** and **DENIED IN PART**.

Polyloom's Motion for Summary Judgment as to Plaintiff's claims under the Family and Medical Leave Act will be **GRANTED**, and those claims will be **DISMISSED WITH PREJUDICE**. Polyloom's Motion for Summary Judgment as to Plaintiff's claims under the Americans with Disabilities Act and the Employment Retirement Income Security Act will be **DENIED**. Polyloom's Motion for Summary Judgment based on issues relating to Plaintiff's bankruptcy will be **DENIED**. Polyloom's Motion for partial summary judgment as to a limitation on damages due to the discovery of after-acquired evidence will be **DENIED**.

A separate order will issue.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
